UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS E. EMOND, Derivatively on Behalf of IZEA WORLDWIDE, INC., <br><br> Plaintiff, <br><br> v. <br><br> EDWARD H. MURPHY, RYAN S. SCHRAM, BRIAN W. BRADY, JOHN H. CARON, LINDSAY A. GARDNER, JILL M. GOLDER, and DANIEL R. RUA, <br><br> Defendants, <br><br> and, <br><br> IZEA WORLDWIDE, INC., <br><br> Nominal Defendant. | Case No. 2:18-cv-09040-JAK-JEMx <br><br><br> **JUDGMENT** |

Plaintiff's Unopposed Motion for Final Approval of Settlement ("Motion" (Dkt. 57)) was granted from the bench during the hearing on the Motion, which was conducted on December 16, 2019. Dkt. 60. The Motion was filed in conformance with a prior Order that granted Plaintiff's Motion for Preliminary Approval of Shareholder Settlement dated August 27, 2019 (the "Preliminary Approval Order" (Dkt. 55)). Both the Motion and the Motion for Preliminary Approval of Shareholder Settlement, were based on the parties' Stipulation and Agreement of Settlement dated March 6, 2019 (the "Stipulation" (Dkt. 33)). Consistent with the terms of the Preliminary Approval Order, the required notice of its terms was provided to Current IZEA Stockholders. Based a review of all of the pleadings in this matter, including those filed in support of the Motion for Preliminary Approval of Shareholder Settlement and the Motion, good cause has been shown and it is hereby ordered, adjudged, and decreed as follows:

1. The definitions used in the Stipulation are adopted and used here.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effect the Settlement, and over all Parties.

3. The Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties and Current IZEA Stockholders, and is finally approved in all respects. The Parties shall perform their obligations under the Settlement to the extent they have not already done so.

4. The Action, all claims contained therein, and any other Released Claims, are fully, finally, and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the Effective Date, IZEA, Plaintiffs, and each of IZEA's current stockholders shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims

(including Unknown Claims) against the Released Persons. IZEA, Plaintiffs, and each of IZEA's current stockholders shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing, continuing, filing or otherwise prosecuting the Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation and/or this Judgment entered pursuant thereto.

6. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of Plaintiffs and their beneficiaries, Plaintiffs' Counsel, and all current IZEA stockholders (solely in their capacity as IZEA stockholders) from Defendants' Released Claims. The Released Persons shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue Plaintiffs or their beneficiaries, Plaintiffs' Counsel, or any current IZEA stockholders (solely in their capacity as IZEA stockholders) with respect to any Defendants' Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against Plaintiffs and their beneficiaries, Plaintiffs' Counsel, and all current IZEA stockholders (solely in their capacity as IZEA stockholders). Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

7. The Notice attached as Exhibit B to the Stipulation, or in such other form as the Court has directed, issued through filing with the SEC and posted on the website of IZEA fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and due process, and provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all persons entitled to such notice.

8. During the course of the Action, the Parties and their counsel at all times complied with Rule 11 of the Federal Rules of Civil Procedure and Rule 11 of Nevada Rules of Civil Procedure.

9. The Court Fee and Expense Award in the amount of three hundred thousand dollars ($300,000.00) is fair and reasonable, in accordance with the Stipulation, and finally approves the Fee and Expense Award.

10. The Service Awards to Plaintiffs in the amount of one thousand five hundred dollars ($1,500.00) each is fair and reasonable, in accordance with the Stipulation, and finally approves the Service Awards, to be paid by Plaintiffs' Counsel from the Fee and Expense Award.

11. This Judgment, the facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person;

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

(d) shall not be offered, received, or used in any way against Plaintiffs or Plaintiffs' Counsel as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiffs' claims are without merit or that Plaintiffs would not have been able to prevail on their claims at trial.

12. This Judgment, the Stipulation, the Settlement, and any act performed or document executed pursuant to or in furtherance thereof, shall not be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement. However, the Released Persons may refer to the Settlement, and file the Stipulation and/or this Judgment, in any action that may be brought against them to effect the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

13. The Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

14. This Judgment is a final judgment, and, upon its entry, this Action is dismissed with prejudice in accordance with Fed. R. Civ. P. 58.

IT IS SO ORDERED.

Dated: January 13, 2020  _____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE